UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jerry Michael Plummer, ) | |
| ) | Case No. 2017 C 5531 |
| Plaintiff(s), ) | |
| ) | Judge: Virginia M. Kendall |
| ) | |
| Police Officer Zydek #5642 ) | |
| ) | Magistrate Judge: M. David Weisman |
| ) | |
| ) | |
| Defendant. ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Officer Bryan Zydek ("Defendant") by and through his attorney, Brigid Brown, Assistant Corporation Counsel for the City of Chicago, for his Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand hereby states as follows:

### IV. STATEMENT OF CLAIM

1. On July 25th, 2015, Plaintiff was arrested and beaten by Chicago Police.

**ANSWER:** Defendant admits Plaintiff was arrested on July 25, 2015 and reasonable force was used upon Plaintiff to effectuate taking Plaintiff into custody. Defendant denies the remaining allegations of this paragraph.

2. This arrest was reported falsely by C.P.D. in that the false report states that arresting officers (A/O's) responded to call of person with gun shots fired and that subject in a white shirt blue jeans and long hair had just shot at a building and at a victim.

**ANSWER:** Defendant admits he completed an arrest report and the content of this report speaks for itself. Defendant denies the remaining allegations of this paragraph.

     3.     No 911 call exist that supports these official(s) report.

**ANSWER:** Defendant lacks sufficient information to admit or deny this allegation.

     4.     These officials stated that they arrived and observed male matching description walking westbound into a vacant lot and that arresting officer's approached and ordered subject to stop.

**ANSWER:** Defendant admits the allegations contained in this paragraph.

     5**.**     Subject refused to stop and fled on foot.

**ANSWER:** Defendant admits the allegations contained in this paragraph.

     6.     Arresting officers alleged that they never lost sight of subject.

**ANSWER:** Defendant admits the allegations contained in this paragraph.

     7.     Arresting officer Zydek #5642 observed subject remove a large chrome handgun from his waistband. This is an untruth, there is no prints belonging to Plaintiff on a gun allegedly retrieved by these arresting officers. No G.S.R. was ever performed.

**ANSWER:** Defendant admits he observed Plaintiff remove a large chrome handgun from his waistband. Defendant lacks information as to the remaining allegations of this paragraph.

     8.     Plaintiff asserts that multiple law officials jumped out on Plaintiff demanding with guns drawn to lay down, after Plaintiff just ran across the street to beat oncoming traffic.

**ANSWER:** Defendant admits he had his gun drawn until he saw Plaintiff throw his gun. Defendant admits he told Plaintiff to get on the ground. Defendant denies that Plaintiff ran across the street to beat oncoming traffic. Defendant makes no answer on behalf of the other police officers.

     9.     These law official(s) reported that they performed an emergency take down. Plaintiff never had a chance to comply with these arresting officers. These officials became physically abusive.

**ANSWER:** Defendant admits he performed an emergency take down of Plaintiff. Defendant denies the remaining allegations of this paragraph . Defendant makes no answer on behalf of the other police officers.

10. Plaintiff wasn't doing anything unusual at the time of his arrest.

**ANSWER:** Defendant denies the allegations of this paragraph.

11. Plaintiff repeated what was he doing wrong? Plaintiff was told to shut up and then began being beaten with batons to the legs and torso.

**ANSWER:** Defendant denies the allegations of this paragraph.

12. Plaintiff bullied into a fetal position and then with ultimately kicked in the head where Plaintiff was knocked semi-unconscious and Plaintiff became awoken to being cuffed and escorted to jail.

**ANSWER:** Defendant admits Plaintiff was handcuffed and escorted to jail. Defendant denies the remaining allegations in this paragraph.

13. Plaintiff later was told that he was being charged with multiple counts #1 UUW, Aggravated assault/discharge firearm, aggravated PC officer, battery, resisting, obstructing off/rorr/emp, and armed habitual criminal.

**ANSWER:** Defendant admits the allegations contained in this paragraph.

14. Plaintiff had a preliminary hearing where in that Plaintiff was ultimately charged with #8 counts but the state nolle pros counts 1,2,4,5,6,7,8. The State kept the armed habitual #3 but later brought all charges back which I have explained to plaintiff that they could.

**ANSWER:** Upon information and belief, Defendant admits Plaintiff had a preliminary hearing where Plaintiff was ultimately charged with #8 counts but the state nolle pros'd counts 1,2,4,5,6,7,8. The State kept the armed habitual #3. Defendant admits the Plaintiff was charged with additional charges to the Armed Habitual Criminal. Defendant denies the remaining portions of this paragraph.

15. Plaintiff asserts that a hand gun as alleged by the police was found but Plaintiff asserts that doesn't belong to him, neither was plaintiff in possession of it.

**ANSWER:** Defendant admits Plaintiff was in possession of a handgun. Defendant denies the remaining allegations of this paragraph**.**

16. These officials falsified reports and created in their reports on emergency take down. Plaintiff wasn't resisting arrest, Plaintiff wasn't fleeing from law officials, Plaintiff was avoiding traffic and dodging on his way home when these officers unreasonable assaulted and detained Plaintiff which which (?) out later reported a family dispute.

**ANSWER:** Defendant admits he performed an emergency takedown upon Plaintiff and that Defendant completed reports in this case. Defendant denies the remaining allegations contained in this paragraph.

17. Plaintiff asserts that these law officials violated his 4th and 14th amendment to the United States Constitution. These officials Superintendent Eddie Johnson, Officer Zykek #5642, and Officers John Doe(s) all have violated Plaintiff constitutional rights. These defendants are in violation of plaintiff 4th, 5th, and 14th amendment to the United States Constitution and in violation of Article 2,6,8, and 12 of the Illinois Constitution and Illinois Supreme Court Rules.

**ANSWER:** Defendant denies the allegations contained in this paragraph and any alleged wrongdoing. Defendant makes no answer on behalf of the other police officers.

**Relief**

Wherefore, Plaintiff demands judgment against these defendants with interest for actual and consequential damages. Punitive and exemplary damages and that these official(s) be penalized by the police force for falsifying reports and arrest and any other relief deems by the trier of fact to be just fair and appropriate.

**ANSWER**: Defendant denies Plaintiff is entitled to any form of relief and denies any alleged wrongdoing.

The Plaintiff demands that the case be tried by a jury.

**AFFIRMATIVE DEFENSES**

1. Qualified immunity shields Chicago Police Officers from liability. Chicago Police Officers are government officials who perform discretionary functions. Thus immunity

applies in this case if at the time of the incident, Defendant was on duty as a member of the Chicago Police Department and was executing and enforcing the law, whereby a reasonable police officer objectively viewing the facts and circumstances that confronted this officer would believe his actions to be lawful.

2. To the extent Plaintiff failed to mitigate any of his claimed damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

3. To the extent any damages claimed by Plaintiff were proximately caused, in whole or in part, by Plaintiff's actions, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by a jury in this matter

4. Defendant cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless he individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolfe-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

5. Plaintiff's claims may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff has a criminal case against him pending in the Circuit Court of Cook County, Criminal Division, under case number 15CR1333001, wherein Plaintiff is facing charges of Armed Habitual Criminal, Aggravated Discharge of a Firearm, and Unlawful Use of a Weapon by a Felon. The next court date in Plaintiff's criminal case is January 8, 2018, for status. Depending on the outcome of that criminal case, Plaintiff's civil case may be barred if there is a conviction in the underlying criminal case and proceeding

on the civil claims alleged by Plaintiff would imply the invalidity of the criminal conviction.

## JURY DEMAND

Defendants respectfully request a trial by jury.

Respectfully submitted,

By: /s/ *Brigid K. Brown*
    Brigid K. Brown
    Assistant Corporation Counsel

Brigid K. Brown
30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
Office (312) 744-6949
Fax    (312) 744-6566

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jerry Michael Plummer, | ) | |
| | ) | |
| | ) | Case No.   2017 C 5531 |
| Plaintiff(s), | ) | |
| | ) | Judge:  Virginia M. Kendall |
| | ) | |
| Police Officer Zydek #5642 | ) | |
| | ) | Magistrate Judge:  M. David Weisman |
| | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

Jerry Michael Plummer
#2015-0226067
P.O. Box 089002
Chicago, IL 60608


**PLEASE TAKE NOTICE** that on this 5th day of January 2018, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by US Mail to the person named above at the address shown this 5th day of January 2018.

                                    /s/ *Brigid K. Brown*

                            Assistant Corporation Counsel