UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY MICHEAL PLUMMER, | ) | |
| | ) | Case No. 17 C 5531 |
| Plaintiff, | ) | |
| | ) | Judge Franklin U. Valderrama |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| POLICE OFFICER ZYDEK #5642, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

For the reasons set forth below, the Court recommends to the district court that this case be dismissed for want of prosecution and for failure to comply with discovery orders.

**Discussion**

*Pro se* plaintiff Jerry Plummer brings this suit alleging that defendant violated his constitutional rights by illegally detaining him, falsely arresting him, using unjustified force against him, planting evidence, and filing false police reports. On initial screening, the district court summarily dismissed Police Superintendent Eddie Johnson as a defendant. (*See* dkt. 12.) The district court later granted in part defendant Zydek's partial motion to dismiss, allowing plaintiff to proceed only on his claims of an illegal, suspicionless stop and excessive force. (Dkt. 78.)

Plaintiff filed this case in 2017. Unfortunately, his prosecution of and participation in this case has been dilatory and filled with delay. This Court therefore recommends to the district court that this case be dismissed for want of prosecution and for plaintiff's failure to comply with discovery orders.

Federal Rule of Civil Procedure Rule 37(b)(2)(A)(V) allows the Court to dismiss an action when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(V). A dismissal pursuant to Rule 37 "requires a finding of willfulness, bad faith or fault on the part of the defaulting party." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). "Although there is no requirement that the district court select the 'least drastic' sanction, district courts should only impose sanctions that are 'proportionate to the circumstances surrounding a party's failure to comply with discovery rules.'" *Rice v. City of Chi.*, 333 F.3d 780, 784 (7th Cir. 2003) (quoting *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996)). Among the factors to be considered are "'the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit.'" *Id.* (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)). Moreover, "[d]istrict courts . . . have

the authority to dismiss actions for failure to prosecute on motion of the defendant . . . or sua sponte as part of the control necessarily vested in courts . . . to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Thus, dismissal for failure to prosecute is appropriate where there is "a clear record of delay or contumacious conduct." *Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir. 1998).

This Court previously ordered plaintiff to answer all outstanding discovery by December 11, 2020 and ordered fact discovery to close on January 29, 2021. (Dkt. 104.) This Court later granted plaintiff an extension, allowing him to respond to defendant's discovery requests by March 26, 2021. (Dkt. 109.) This Court warned plaintiff that it was his final opportunity to respond to defendant's discovery requests. (*Id.*) This Court then gave plaintiff another opportunity to comply with his discovery obligations by giving him until June 4, 2021 to respond to defendant's discovery requests. (Dkt. 111.)

According to defendant's counsel, plaintiff still has not responded to defendant's discovery requests, which were issued nearly a year ago and have been sent to plaintiff on three separate occasions.[1] (Dkt. 113 (defendant's counsel stated that plaintiff had not responded to defendant's discovery requests, which were sent to plaintiff on 7/30/20, 10/16/20, and 1/20/21.)) Not only has plaintiff shirked his discovery obligations, he has also failed to appear at three status hearings over the last six months. (Dkts. 110, 112, and 113.) This Court has explicitly warned plaintiff that his failure to appear at court hearings and actively engage in the prosecution of his case could result in the dismissal of the case.[2] *See Ball v. City of Chi.*, 2 F.3d 752, 755 (7th Cir. 1993). These warnings have gone unheeded.

This Court finds that plaintiff has shown a lack of diligence in prosecuting his case and responding to defendant's discovery requests. Over the last six months, despite being warned that his dilatory conduct could result in the dismissal of his case, plaintiff has continued to engage in contumacious conduct that has delayed the prosecution of his case. Accordingly, this Court recommends to the district court that this matter be dismissed for want of prosecution and for plaintiff's failure to comply with discovery orders.

## Conclusion

For the reasons set forth above, this Court recommends that the district court dismiss this case for want of prosecution and for plaintiff's failure to comply with discovery orders. Any party may file and serve specific written objections to this Report and Recommendation within fourteen days from the date this order is served. Fed. R. Civ. P. 72(b). Failure to file objections with the district judge within the specified time period will waive the right to appeal all findings, both factual and legal, made by this Court in the report and recommendation. *See Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). The Clerk is directed to send a copy of this Report and Recommendation to plaintiff at his address on record.

---

[1] Plaintiff has previously acknowledged receiving defendant's discovery requests. (Dkts. 109 and 111.)

[2] This Court warned plaintiff on three separate occasions that it may recommend to the district court that this case be dismissed for want of prosecution for plaintiff's failure to comply with discovery orders and for his failure to appear in Court. (Dkts. 109, 110, and 112.) This Court directed the Clerk's Office to mail a copy of the Court's order to plaintiff's address on record. (Dkts. 110, 112, and 113.) Plaintiff has previously acknowledged receiving these orders. (Dkt. 111.)

**SO ORDERED.**                          **ENTERED:** June 24, 2021

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**