IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jerry M. Plummer, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17-cv-5531 |
| | ) | |
| v. | ) | |
| | ) | Hon. Franklin R. Valderrama |
| Officer Zydek, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Jerry M. Plummer has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. By Report and Recommendation dated June 24, 2021, Magistrate Judge M. David Weisman proposed that this case be dismissed with prejudice for want of prosecution and for failure to comply with court orders. R. [114]. After reviewing the Report and Recommendation, this Court agrees with its findings and conclusion. Accordingly, the Court adopts the Report and Recommendation in its entirety. Plaintiff's claims are dismissed with prejudice for want of prosecution and for failure to comply with court orders. The Court directs the Clerk to enter final judgment in this matter. Civil case closed.

## STATEMENT

Plaintiff has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that a Chicago police officer violated his constitutional rights by illegally performing an investigatory stop and by using unjustified force against him during the ensuing arrest.

By Report and Recommendation dated June 24, 2021, Magistrate Judge M. David Weisman proposed that this case be dismissed with prejudice for want of prosecution and for failure to comply with court orders. Judge Weisman described how Plaintiff had persisted in failing to respond to Defendant's outstanding discovery requests despite numerous court orders directing him to do so and the repeated courtesies of defense counsel in re-sending those requests. Judge Weisman further noted that Plaintiff failed to appear at multiple status hearings, ignoring the magistrate judge's repeated admonitions about the consequences of engaging in such dilatory conduct. Plaintiff did not object to the Report and Recommendation within the two-week time frame established by Federal Rule of Civil Procedure 72(b)(2) and set in the Report and Recommendation. *See* R. 114.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. FED. R. CIV. P. 72(b)(3). If no objection to the report is made, the district court judge reviews the unchallenged portions for clear error. *Stewart v. Credit Control, LLC*, No. 18 CV 03916, 2020 WL 3843663, at *1 (N.D. Ill.

July 7, 2020), *aff'd*, 45 F. App'x 465 (7th Cir. 2021) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)). Under the clear error standard, the district judge "can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Stewart*, 2020 WL 3843663, at *1 (quoting *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997)).

The Court has reviewed the Report and Recommendation in the current matter and discerns no clear error; to the contrary, the Court concurs with the Judge Weisman's conclusions. The sanction of dismissal is appropriate for plaintiffs like Mr. Plummer "who fail to attend multiple hearings and have been warned of the possibility of dismissal." *Dupree v. Hardy*, 859 F.3d 458, 463 (7th Cir. 2017) (quoting *McInnis v. Duncan*, 697 F.3d 661, 664 (7th Cir. 2012)); *see also Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 877 (7th Cir. 2019) ("Many sanctions are authorized by the rules of civil procedure. *See, e.g.*, FED. R. CIV. P. … 41(b) (dismissal for failure to comply with rules or court order.")) The Court therefore adopts Judge Weisman's Report and Recommendation in its entirety. Plaintiff's claims are dismissed with prejudice for want of prosecution and for failure to comply with court orders. This case is closed, and the Court directs the Clerk to enter final judgment of dismissal.

If Plaintiff wishes to appeal, he must file a notice of appeal with the Clerk of this Court within thirty days of the entry of judgment. *See* FED. R. APP. P. 4(a)(1). If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* FED. R. APP. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* FED. R. CIV. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* FED. R. CIV. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* FED. R. APP. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* FED. R. CIV. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* FED. R. CIV. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* FED. R. APP. P. 4(a)(4)(A)(vi).

Date: 7/15/2021

United States District Judge
Franklin U. Valderrama