# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JERRY PLUMMER, | Case No. 1:17-cv-05531 |
| Plaintiff, | |
| v. | Judge: Franklin U. Valderrama |
| POLICE OFFICER ZYDEK #5642, | Mag. Judge: M. David Weisman |
| Defendant. | |

## PLAINTIFF'S MOTION FOR RECONSIDERATION OR RELIEF FROM JUDGMENT UNDER FRCP RULE 60(B)(1)

Plaintiff Jerry Plummer ("Mr. Plummer"), by and through undersigned counsel, respectfully moves this Court to grant relief from the July 15, 2021, Order dismissing this case with prejudice for want of prosecution and for failure to comply with court orders. (Dkt.115.) In support, Mr. Plummer states as follows

### STANDARD OF REVIEW FOR RELIEF UNDER FRCP 60(b)

1. Rule 60(b) of the Federal Rules of Civil Procedure enables courts to relieve a party from a final judgment. *See* Fed. R. Civ. P. 60(b). Vacating a judgment under Rule 60(b) is

permissible for a variety of reasons, including mistake and excusable neglect. *See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).

2. The decision of whether to grant relief under Rule 60(b) is left to the discretion of the district court. *Bakery Machinery & Fabrication, Inc. V. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) ("The district court has great latitude in making a Rule 60(b) decision because that decision 'is discretion piled on discretion'.")

3. Rule 60(b) attempts to balance the principle of finality of judgements with the equally important need to balance the court system's interest in achieving justice. *See Kennedy v. Schneider Electric*, 893 F.3d 414, 419 (7th Cir. 2018)

4. FRCP 60 (b)(1) motions for reconsideration or relief from a judgment based on the grounds of "mistake, inadvertence, surprise, or excusable neglect" must be brought "within a reasonable time... no more than a year after the entry of the judgment or order. See *Wesco Products Co. v. Alloy Automotive Co.*, 880 F.2d 981 (7th Cir. 1989). Here, given that dismissal with prejudice occurred on July 15, 2021, Mr. Plummer is filing his Motion to Vacate well within the time frame permitted by FRCP 60(b)(1).

## BACKGROUND

5. This matter arises from a July 27, 2017 Complaint filed by Mr. Plummer with the assistance of an experienced "jailhouse lawyer," which alleged that his Constitutional rights under the 4th, 5th and 14th amendments were violated by Defendant's actions planting evidence, filing a false police report, and illegally detaining and using unjustified force against Mr. Plummer. (Dkt.13.)

6. On December 11, 2019, Mr. Plummer motioned for appointment of counsel given that he had been moved out of Cook County Jail, and therefore no longer had access to the assistance he previously had while incarcerated. (Dkt. 70.)

7. On November 19, 2020, Defendant's *unopposed* motion for an extension of time to complete discovery was granted, and Mr. Plummer again motioned for attorney representation. (Dkt. 104; See Exhibit 1, Plaintiff's Declaration ¶ 8.)

8. On December 21, 2020, Defendant filed a motion to compel responses to discovery. (Dkt. 107), and on January 13, 2021, Mr. Plummer was ordered to respond to the discovery issued by Defendant. (Dkt. 109.)

9. On January 13, 2021, Mr. Plummer stated on the record that he had received Defendant's discovery but had not been able to view it in its entirety due to technological difficulties. (Dkt. 109.)

10. On April 5, 2021, despite otherwise perfect attendance at court proceedings, Mr. Plummer failed to appear at a status hearing for the first time within these proceedings. At this update, while Mr. Plummer was not present, the Court warned that this case was in danger of being dismissed (Dkt. 110.)

11. On July 15, 2021, a judgement dismissing this case was entered by the Honorable Judge Franklin U. Valderrama. (*See* Exhibit 2, Order Dismissing Case)(Dkt. 115-16).

## ARGUMENT

### I. THIS COURT SHOULD GRANT RELIEF FROM THE DISMISSAL ORDER SO THAT THIS MATTER CAN BE DECIDED ON THE MERITS

### A. Mr. Plummer's Actions Fall Within the Rule(6)(b)(1) Definition of Excusable Neglect.

12. Rule 60(b) of the Federal Rules of Civil Procedure authorizes a court to relieve a party from a judgment or order. *See* Fed. R. Civ. P. 60(b). Specifically, Rule 60(b)(1) enables relief based on mistake, inadvertence, surprise, or excusable neglect. To succeed in

showing excusable neglect, the moving party must provide a meaningful explanation for the missed deadline. *Bowman v. Korte,* 962 F.3d 995, 998 (7th Cir. 2020).

13. Here, a myriad of complications that occurred during the litigation for this lawsuit, such that Mr. Plummer's failure to respond to discovery was an act of excusable neglect. (Pl.'s Dec. ¶ 6-9.)

14. During his 52-month sentence in Cook County Jail, Mr. Plummer had the assistance of a "jailhouse lawyer" better versed in the contours of litigation and, when he was transferred out of Cook County Jail, he sought from the Court but was repeatedly denied access to appointed counsel. (Pl.'s Dec. ¶ 5, 10.) Additionally, both Mr. Plummer's release from incarceration and this lawsuit were heavily impacted by the ongoing COVID-19 pandemic. (Pl.'s Dec. ¶ 7).

15. Mr. Plummer was released from incarceration during July of 2020, a time when incarcerated people had limited access to the outside world due to the COVID-19 restrictions in place. Mr. Plummer did not miss any status hearings prior to being released, upon which time he did not have access to a computer and court procedures were evolving and moving to a virtual environment due to the unknown and unpredictable nature of COVID-19. (Pl.'s Dec. ¶ 7.)

16. Mr. Plummer's loss of his earlier assistance amidst the lawsuit, combined with his confusion and lack of access to the proceedings as a result of the ongoing COVID-19 pandemic, are sufficient evidence to characterize Mr. Plummer's actions as excusable neglect rather than intentional or malicious refusal to comply with the Court's Order compelling a response to discovery. (Dkt. 109.); *See Robb v. Norfolk & Western Ry. Co.,* 122 F.3d 354, 359 (7th Cir. 1997) (highlighting the broad interpretation allowed for

"excusable neglect," such that carelessness and mistakes are within the scope and extraordinary circumstances are not required).

17. While Mr. Plummer's actions were, regrettably, in violation of the Court's instructions, they were inadvertent and neglectful, rather than born from any intentional or willful disregard for the Court's orders. Mr. Plummer possesses profound respect for the Court's instructions and orders, and fully intended to follow them. Therefore, this Court should characterize his actions as excusable neglect and grant this motion for relief from the dismissal Order.

**B. This Court Should Exercise Its Discretion Pursuant to Rule(6)(b) In Favor of a Determination on the Merits and Against a Default.**

18. The Seventh Circuit has "articulate[d] a policy of favoring trial on the merits over default judgment." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). Granting or denying a motion to set aside a default judgment under this Rule "lies within the sound discretion of the trial court." *See Inryco, Inc. v. Metropolitan Engineering Co.,* 708 F.2d 1225, 1230 (7th Cir.1983); *Breuer Electric Manufacturing Co. v. Toronado Systems of America,* 687 F.2d 182, 187 (7th Cir.1982).

19. Rule 60(b) is to be applied liberally by district courts to allow the resolution of doubtful cases on their merits, especially for judgments that are the result of honest mistakes rather than a pattern of willful misconduct or carelessness. *Ellingsworth v. Chrysler,* 665 F.2d 180, 185 (7th Cir. 1981); *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453 (5th Cir. 1992). This is such a doubtful case.

20. Considering this broad discretion, this Court should take into consideration the efforts made by Mr. Plummer after the Order was entered. "Quick action to attack a default

judgment is required because the cement of finality hardens each and every day beyond the entry of judgment; the winning party increasingly fashions its expectations and affairs on having and holding the judgment as time passes." *Blue Ocean Green Bay, LLC v. Sand Dollar Hosp.3*, 2021 WL 4991323 (7th Cir. 2021), citing *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994).

21. Immediately following the Order, despite being chronically disabled and having limited access to technology, Mr. Plummer began his city-wide search for an attorney to assist him. Within 3 months of his search, First Defense Legal Aid attorneys responded to Mr. Plummer's inquiry for assistance with gaining relief from the Order. Mr. Plummer has maintained weekly contact with First Defense Legal Aid attorneys since then to aid in his preparation for this motion.

22. Mr. Plummer kept Defendant's discovery requests, in which he had penciled in responses to the questions he knew the answers to and/or knew how to answer, and brought the documents with him when seeking representation from First Defense legal Aid attorneys in an effort to have the judgment vacated. Because he had preserved the documents, Mr. Plummer was able to provide First Defense Legal Aid attorneys with his partially-completed discovery responses, as well as all other documents he had received during the litigation.

## CONCLUSION

23. For the foregoing reasons, Plaintiff Jerry Plummer respectfully requests that this Court grant relief from its July 15, 2021, Order dismissing this case and allowing the case to be adjudicated on its merits.

Respectfully submitted,

Nadia Woods

                                                           *One of Plaintiff's Attorneys*

Nadia Woods

Daniel Massoglia

SIG BLOCK


**Certificate of Service**

I, Daniel Massoglia, an attorney, certify that a copy of this document was filed before 5:00pm on __DATE__ using the Court's CM/ECF system, which generates electronic notice to all counsel of record in the matter.

Respectfully submitted,

Daniel Massoglia

    *One of Plaintiff's Attorneys*

SIG BLOCK