IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY MICHAEL PLUMMER, | ) | |
| | ) | Case No. 17 C 05531 |
| Plaintiff, | ) | |
| | ) | Judge Virginia Kendall |
| Vs. | ) | |
| | ) | Magistrate Judge Weismann |
| | ) | |
| P.O. ZYDEK #5642, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINITFF'S MOTION TO VACATE JUDGMENT**

Chicago police officer Zydek, by and through one of his attorneys, Emily R. Bammel, Assistant Corporation Counsel, respectfully requests this Court to deny Plaintiff's motion to vacate the prior judgment entered in this matter, (hereinafter "Motion"), under Federal Rule of Civil Procedure 60(b). *See* ECF Dkt. 119. In support, Defendant states as follows:

**BACKGROUND**

Plaintiff fails to adequately address his utter lack of interest in this case from approximately July 2020 through July 2021. Zydek issued Plaintiff interrogatories and requests for production on July 30, 2020, along with initial 26(a)(1) disclosures. *See* ECF Dkt. 105. On October 16, 2020, Zydek sent a letter to Plaintiff asking when he could expect responses to the interrogatories and requests for production and included additional copies of the discovery requests. *Id.* At the November 19, 2020, telephonic status hearing, Plaintiff confirmed he received the discovery requests, and the Court ordered Plaintiff to respond to the discovery requests by December 11, 2020 (*nearly 5 months after issue*). *Id., see* ECF Dkt. 104.

1

Zydek's attorneys sent correspondence and discovery to Plaintiff via U.S. mail on the following dates:

- July 30, 2020
- August 7, 2020
- October 16, 2020
- November 19, 2020
- December 21, 2020

At the telephonic status hearing on January 13, 2021, Plaintiff again confirmed he was in receipt of Zydek's mailing and discovery. *See* ECF Dkt. 109. For the first time, Plaintiff relayed to the Court and Zydek's counsel that he did not have a computer for any electronic or digital discovery sent. *Id.* Zydek's attorney was ordered to re-send (for a 4th time) all initial discovery and discovery requests to Plaintiff in hard copy by January 20, 2021. Plaintiff was again ordered to respond to discovery by March 26, 2021, being informed this was his <u>last chance</u>. Zydek complied with this Court's order by mailing boxes of hard copies of discovery and disclosures to Plaintiff at his address of record, shipped on January 20, 2021 and delivered on January 22, 2021. *See* Exh. A, *proof of delivery*.

Plaintiff failed to appear at the next Status hearing, (April 5, 2021) and was given <u>another</u> opportunity. *See* ECF Dkt. No. 110. Again, Plaintiff, via the record, was warned his case faced dismissal. *Id.* Plaintiff was present at the next court date, [ECF Dkt. No. 111], where he was informed of the following court date. In the April 19, 2021 telephonic status hearing, Plaintiff was again advised and reminded of the Court's instruction to file a motion for appointed counsel with the Magistrate Judge if he sought legal assistance. *See* ECF Dkt. 111. Plaintiff did not do so. Plaintiff was again absent from the following status hearing on June 11, 2021. ECF Dkt. 112. Plaintiff again failed to appear on June 22, 2021. ECF Dkt. 113. The case was formally closed with Judgment entered on July 15, 2021. ECF Dkt. 115-116.

## **ARGUMENT**

Plaintiff is attempting to seek relief under Rule 60(b) based on his "excusable neglect" with the Court's discretion to "balance the court system's interest in achieving justice." ECF Dkt. 119, *citing to Kennedy v. Schneider Electric,* 893 F.3d 414, 419 (7th Cir. 2018). Plaintiff does not meet either justification to vacate the prior judgment.

### A. Plaintiff's Lack of Action is Not Excusable Neglect

Plaintiff's lack of action is not excusable, and the Court should reject his attempt to revive his case at this late date. When determining whether a movant has shown "excusable neglect," the court can consider "the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted within good faith." *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997) *Id.* However, delays and failure to comply with court ordered deadlines can be considered inexcusable. *Castro v. Bd. of Educ. of City of Chicago*, 214 F.3d 932, 935 (7th Cir. 2000) (denial of a motion to vacate due to delay is not clearly unreasonable where the plaintiff knew of the court's deadlines and chose to ignore them). Simply put, "inattentiveness to the litigation is not excusable." *Matter of Plunkett*, 82 F.3d 738 (7th Cir.1996).

Plaintiff claims that upon his release from incarceration in July of 2020, he faced challenges of virtual court in the age of the Covid pandemic. *Id.* Contrary to his assertion, [Dkt. 119 at 4],this did not present a lack of access to the ongoing proceedings as Plaintiff was continuously made aware of Court dates and deadlines through Court oral directions, and Court Orders sent to him by Zydek,as well as this Honorable Court, *in addition to* their population on the electronic docket. This excuse is woefully unpersuasive as indicated above, Zydek mailed to Plaintiff at his address of record (*which stayed the same from time of release until case closure),* numerous

3

correspondences along with his discovery. Despite Plaintiff's allegations in his Motion to Vacate, Plaintiff was engaged in participating in the case, representing himself, appearing for the scheduled court dates, as well as responding to Defendant Zydek's Motion to Dismiss, (s*ee* ECF Dkt. 73), along with his various other filings.

While Plaintiff notes that he missed the court hearing on April 5, 2021 "despite otherwise perfect attendance," [ECF Dkt. 119 at 3], Plaintiff ignores all other opportunities afforded to him prior to dismissal. Most of those opportunities were enumerated in Zydek's December 18, 2020 motion to compel Plaintiff's discovery responses or to dismiss the matter for want of prosecution in the alternative, and described above. *See* ECF Dkt. 105.

Additionally, on April 6 and 8, 2021, Zydek again mailed Plaintiff correspondence and the Court's Minute Entries regarding the next court date (April 19, 2021), and call-in information to his address of record. The Court also sent Plaintiff by mail the recent Minute Entry. *See* ECF Dkt. 110. On April 19, 2021, Plaintiff appeared telephonically and was advised to file a motion before the Magistrate Judge if he wished to seek appointed counsel. *See* ECF Dkt. 111. Plaintiff never did so. During the April 19, 2021 hearing, the last time Plaintiff was present, the Judge in ordering Plaintiff to respond to discovery also informed Plaintiff that he "cannot do <u>NOTHING.</u>" *Id.* (emphasis added). Plaintiff in fact, did nothing until his Motion to Vacate was filed in February 2022.

Plaintiff has not provided a reasonable excuse for his lack of action in this lawsuit. Including his missed court appearances, his lack of response to written discovery and complete lack of communication with the Court and parties following April 2021 -- this all can hardly equate to "excusable neglect." *See Matter of Plunkett*, 82 F.3d 738. Plaintiff was unquestionably aware

4

of all Court orders, deadlines, and instructions and chose to ignore them. *See Castro*, 214 F.3d at 935. Thus, Plaintiff has not met this burden to vacate the judgment against him.

>   B. **The Court should Not exercise Discretion against the Judgment Entered.**

"When a litigant merely challenges the propriety of a default order, arguing that it was erroneous under the circumstances, the district court may deny Rule 60(b) relief." *Inryco, Inc. v. Metro. Eng'g C*o., 708 F.2d 1225, 1230 (7th Cir. 1983). Thus a court must "only vacate its decision under Rule 60(b) when the evidence so requires." *Id.* In *Inryco,* the Court's decision to refuse the defendants' Rule 60(b) motion was supported by the various communications to defendants ("telephone calls, letters, summonses, and other attempts at contact") … "were disregarded" and did not constitute excusable neglect. *Inryco, Inc.,* 708 F.2d at 1231. As such, the same reasoning applies here to Plaintiff.

Plaintiff's contention that his actions align with the findings of *Ellingsworth v. Chrysler* and *Harrell v. DCS Equip. Leasing Corp.,* are inapplicable and non-binding on this Court.

In *Ellingsworth*, the abuse of discretion was in the denial to set aside the default judgment because it was based primarily on defendants and their attorney's failure to appear for trial and not that the record revealed a "willful pattern of disregard for the court's orders or rules." *Ellingsworth v. Chrysler*, 665 F.2d 180, 182; 185 (7th Cir. 1981). *Harrell,* a 5th Circuit case, was a compilation of RICO, fraud and fiduciary duties claims against defendant corporations that applied Rule 60(b) to the limited scope of ordering the default judgments to be set aside to avoid the injustices where the defaulting party could show it had a meritorious defense. *See Harrell v. DCS Equip. Leasing. Corp.,* 951 F.2d 1453, 1458-59 (5th Cir. 1992) (the refusal to set aside the default judgment against the alter ego of the corporation where it was proven he did not perpetuate fraud within those

corporations, would promote an injustice). Not only is this case non-binding, but it is hardly applicable to Plaintiff's alleged situation here.

Within the court's discretion it has an "obligation to control and manage its own docket, and this type of outright and consistent disregard of a court's scheduling orders … certainly gives the trial court sufficient reason under Fed.R.Civ.P. 41(b) to involuntarily dismiss an action for want of prosecution." *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004).[1] Applying the findings in *Inryco Inc.* regarding the inaction and disregard to the court's procedures, Plaintiff has not shown just reason for the judgment to be vacated.

As this Court previously stated, "The sanction of dismissal is appropriate for plaintiffs like Mr. Plummer "who fail to attend multiple hearings and have been warned of the possibility of dismissal." *Dupree v. Hardy*, 859 F.3d 458, 463 (7th Cir. 2017) (quoting *McInnis v. Duncan*, 697 F.3d 661, 664 (7th Cir. 2012)); *see also Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 877 (7th Cir. 2019) ("Many sanctions are authorized by the rules of civil procedure. *See, e.g.*, FED. R. CIV. P. … 41(b) (dismissal for failure to comply with rules or court order."))" ECF Dkt. 115.

On June 24, 2021, Honorable Magistrate Weisman entered on the docket a Report and Recommendation regarding the status of the matter as dismissal for want of prosecution. ECF Dkt. No. 114. Plaintiff thus did not object within the requisite time-frame under Rule 72(b)(2). *See* ECF Dkt. 115. Plaintiff had until the Judgment was entered against him with the case closed and dismissed on July 15, 2021. *Id.* Subsequently, Plaintiff also <u>*did not*</u> appeal said Judgment as informed in the Order. *See id.*

---

[1] (Also c*iting to, Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.,* 325 F.3d 903, 909–10 (7th Cir.2003) (holding that the power to control a court's docket is vested in the trial judge, and that there comes a point when a litigant's disregard of scheduling orders becomes so serious that a sanction, including the rendering of the ultimate sanction of dismissal, is in order); *Williams v. Chicago Bd. of Educ.,* 155 F.3d 853, 857 (7th Cir.1998) (per curiam) ("District courts inherently possess the authority to dismiss a case sua sponte for want of prosecution. Such a dismissal is one of the tools available to district courts 'to achieve the orderly and expeditious disposition of cases.' " (internal citations omitted))." *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004)

Based on the aforementioned, it is clear Plaintiff's actions and violations of multiple Court Orders and instructions were not "inadvertent" as he claims. *See* ECF Dkt. 119 at 5. Again despite Plaintiff's assertions that he sought legal counsel "immediately following" the Court's judgment and found and communicated with his present counsel "within 3 months," the Motion was not filed until 7 months following the Order. *See id.* at 6. The Judgment entered did not present an injustice to Plaintiff and was done so in support of the records in whole. *See Ellingsworth,* 665 F.2d at 185. Therefore, the Court should not use discretion to vacate the Judgment entered against Plaintiff.

## CONCLUSION

**WHEREFORE**, for the reasons stated above, Defendant Zydek respectfully requests that this Honorable Court denies Plaintiff's Motion to Vacate the prior judgment [ECF Dkt. 115], and for any other relief that this Honorable Court deems just and proper.

Respectfully submitted,

By: /s/ *Emily R. Bammel*
Emily R. Bammel
Assistant Corporation Counsel

Gregory Beck, Assistant Corporation Counsel Supervisor
City of Chicago, Department of Law
Federal Civil Rights Litigation Division
2 N. LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-3982
(312) 744-6566 (fax)
ARDC No.: 6323600
***Attorney for Defendant***

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served the attached document by causing it to be delivered by electronic means through the U.S. District Court Electronic Filing Service Center to the person named below on March 2, 2022.

      */s/ Emily R. Bammel*
      Emily R. Bammel